IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-97-MR-WCM

| | | |
|---|---|---|
| GLF CONSTRUCTION CORPORATION, ) ) | | |
| Plaintiff, ) ) | | ORDER |
| v. ) ) | | |
| HEARTLAND CONCRETE, L.L.C., ) ) | | |
| Defendant. ) _____ ) | | |

This matter is before the Court on Defendant's "Motion to Strike Certain Allegations in Plaintiff's Complaint" (Doc. 4, the "Motion to Strike").

I. Procedural Background

On or about April 4, 2022, GLF Construction Corporation ("Plaintiff") filed its Complaint against Heartland Concrete, L.L.C. ("Defendant") in the Superior Court of Buncombe County, North Carolina. Doc. 1-1.

On May 19, 2022, Defendant removed the action based on diversity jurisdiction. Doc. 1.[1]

---

[1] Plaintiff is alleged to be a Florida corporation with its principal place of business in Florida. Doc. 1 at ¶ 1. Defendant is a limited liability company and appears to have Virginia citizenship for diversity purposes. Doc. 8.

1

On June 27, 2022, Defendant filed its Answer and the Motion to Strike. Docs. 3, 4. Plaintiff has responded. Doc. 5. Defendant has not filed a reply and the deadline for submitting one has expired.

II. Legal Standard

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, "[t]he court may strike from a pleading…any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) motions "are to be granted infrequently," Renaissance Greeting Cards, Inc. v. Dollar Tree Stores, Inc., 227 Fed.Appx. 239, 247 (4th Cir. 2007), and "are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." Waste Management Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotations omitted). "A motion to strike places a 'sizable burden on the movant,' and would typically require a showing that denial of the motion would prejudice the movant." Miller v. Rutherford Cnty., No. 1:08-cv-441-LHT-DLH, 2008 WL 5392057, at *4 (W.D.N.C. Dec. 19, 2008) (citations omitted); see also Scherer v. Steel Creek Prop. Owner Ass'n, No. 1:13-cv-121-MR-DLH, 2014 WL 813824, at *1 (W.D.N.C. Mar. 3, 2014) (A Rule 12(f) motion should be denied unless the "challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties") (citation omitted).

III. Discussion

In its Complaint, Plaintiff asserts breach of contract and breach of warranty claims arising from its purchase of products from Defendant for use in a construction project involving the rehabilitation of six bridges. See Doc. 1-1 at ¶¶ 6, 8-9, 17.

Defendant moves to strike several paragraphs and portions of paragraphs from Plaintiff's Complaint. First, Defendant contends that the Complaint "includes numerous allegations related to conduct and statements that took place during the course of settlement discussions"—in particular, a series of discussions between Plaintiff, Defendant, and the North Carolina Department of Transportation "relating to the repair work needed on the six bridges at issue in this case." Doc. 4 at 4. Second, Defendant asserts that Plaintiff's allegations related to an investigation and report completed by an engineer sent by Defendant's insurance carrier improperly reflect "the presence of Defendant's insurance coverage." Doc. 4 at 7.

Defendant asserts that these allegations should be stricken because they violate Rules 408 and 411 of the Federal Rules of Evidence. See F.R.E. 408 (evidence of "furnishing, promising, or offering — or accepting, promising to accept, or offering to accept — a valuable consideration in compromising or attempting to compromise the claim" or "conduct or a statement made during compromise negotiations about the claim" inadmissible when offered to prove

or disprove the validity or amount of a disputed claim); F.R.E. 411 ("[e]vidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose…").

However, a Rule 12(f) motion does not test whether evidence is admissible. See Lane v. Endurance American Specialty Ins. Co., 3:10–CV–401–MOC–DCK, 2011 WL 1343201, *3 (W.D.N.C. Apr. 8, 2011) (denying motion to strike allegations from complaint that defendant argued violated Rule 408 and explaining that "[t]he issue before the Court on a Rule 12(f) motion is not whether evidence is admissible, but whether it is immaterial, impertinent, and scandalous"); see also Cirrani v. Wal-Mart Stores, Inc., 4:18-cv-02142-RBH, 2019 WL 859285, at *3 (D.S.C. Feb. 22, 2019) ("Defendants' second argument…appears to confuse allegations in a complaint with evidence presented at trial by invoking Rules 401, 402, and 403 of the Federal Rules of Evidence and discussing admissibility, relevance, probative value, and prejudicial effect. These are the type of arguments ordinarily made via a motion in limine or an objection at trial dealing with *actual evidence.* The complaint is, of course, not evidence….")(emphasis in original); Pridgeon v. Pegram, 3:13–CV–00467–FDW–DCK, 2014 WL 1910789, at *3 (W.D.N.C. May 13, 2014) ("disputes over Rule 408 of the Federal Rules of Evidence should be resolved as evidentiary matters with motions in limine rather than

prematurely in Rule 12(f) motions"); Sizer v. Bennett, No. 2: 17-cv-01591-LPL, 2018 WL 3439533, at *5 (W.D. Pa. July 17, 2018) (denying motion to strike and explaining that "the rules of evidence do not govern pleadings, and the Court will not apply Rule 411 to the allegations in Paragraph 17…this does not foreclose Defendant's ability to file a motion in limine before trial").

Here, the subject allegations are not immaterial, impertinent, or scandalous. Further, Defendant has not adequately demonstrated that it is so prejudiced by them at this stage of the proceedings that they should be stricken.[2]

Accordingly, and bearing in mind that "any doubts about whether [a motion to strike] should be granted should be resolved in favor of the non-moving party," Fender v. Biltmore Forest Country Club, Inc., 1:18-cv-43-MR-DLH, 2018 WL 1995532, at *1 (W.D.N.C. Apr. 27, 2018), Defendant's Motion to Strike (Doc. 4) is **DENIED.**

It is so ordered.

Signed: October 4, 2022

W. Carleton Metcalf
United States Magistrate Judge

---

[2] The instant ruling does not preclude Defendant from making any motions in limine it deems appropriate with respect to information that may be presented during trial.